UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER SHAW,

    Petitioner,

v.                                                       Case No. 8:11-cv-1853-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Shaw petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his 1974 state conviction for murder, for which he serves life imprisonment. The petition is time-barred. See Jackson v. Sec'y Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus sua sponte).

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a petition for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because the conviction was final in 1974, prior to the enactment of these provisions, Shaw's limitation started when the limitation provision was enacted, April 24, 1996, Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000), and expired one year later in 1997 absent tolling for a state post-conviction proceeding. Shaw neither discloses a post-conviction proceeding entitling him to tolling nor asserts a basis for a delayed start of the limitation. A search of the online records for both Manatee County and Florida's Second District Court of Appeal reveals no basis for tolling.

Shaw's earlier Section 2254 petition in 8:10-cv-2490-T-23TBM was dismissed for this same reason. Shaw's 2010 state post-conviction proceeding affords him no tolling because the federal one-year limitation expired in 1997. Shaw is not entitled to another federal limitation following a late, unsuccessful state post-conviction proceeding. Tinker v. Moore, 255 F.3d 1331, 1334-35 n.4 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002), cautions about the a state post-conviction proceeding tolls only the federal time remaining.

> We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period. Thus, care must be taken to assure that sufficient time remains within the federal statutory period to file the federal petition. For example, if the federal limitation period begins to run on January 1, and the state petition is properly filed on July 1, six months of the federal limitation period has run and petitioner only has six months left from the time the state court rules on his state petition to file his federal petition. However, should a petitioner wait to file his state petition until only a week remains before the expiration of the one year federal limitation period, he or she will only have

>a week left to file a federal petition before the federal limitation period has expired. Cf. Duncan v. Walker, [533] U.S. [167, 178] . . . (2001) ("Section 2263(b)(2) provides that the limitations period shall be tolled from the date on which the first petition for post conviction review or other collateral relief is filed until the final State court disposition of such petition.") (internal quotations omitted).

Shaw commenced this federal action more than a fourteen years too late.

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk shall close this case.

ORDERED in Tampa, Florida, on August 24, 2011.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE